```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                  BLUEFIELD DIVISION
```

**JANET M. RIFFE,**

    **Plaintiff,**

**v.**
                             **CIVIL ACTION NO.  1:09-0775**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

### I.  Background

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation on July 30, 2010, in which he recommended that the court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  Plaintiff timely filed objections to the magistrate judge's Proposed Findings and Recommendation.

At the outset, the court notes that judicial review in social security cases is quite limited.  The magistrate judge's review is to determine if the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id.  Under § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made.  The court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").  The court has reviewed the record to determine whether the ALJ's decision is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

## II. Objections and Analysis

A.  *Assessment Regarding Credibility and Pain*

The plaintiff objects that the ALJ "did not accurately assess the claimant's pain and credibility." Objections at 3.

As the Fourth Circuit Court of Appeals explained in Craig, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the court must determine from objective medical evidence whether there exists a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Id. at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)). In conducting this evaluation, the ALJ is to consider all available evidence, including the claimant's statements about his pain, his medical history, medical signs, laboratory findings, objective evidence of pain, as well as evidence tending to show the severity of the impairment. Id. The judge might consider, for example, evidence relating to the claimant's activities and treatment taken to alleviate pain. Id.

In the instant case, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to produce some symptoms and limitations of the general type that has been alleged." Tr. at 38-39. However, the ALJ found that the plaintiff's statements concerning the intensity, duration,

and limiting effects of her alleged symptoms are not entirely credible. As the ALJ noted:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce some symptoms and limitations of the general type that has been alleged, but that the statements of the claimant and her husband are not entirely accurate concerning the intensity, persistence, and limiting effects of those symptoms.
>
> The claimant's treatment record does not support her allegations regarding the severity of her symptoms and limitations. Except for the pulmonary emboli, which the records indicates was treated and resolved, the claimant's treatment record is limited. The claimant is in reasonably good health. The claimant's treatment has been generally routine, conservative and unremarkable; no surgery has been recommended, and there has been no referrals [sic] to a pain management specialist. The record as a whole does not establish that the claimant is so limited that she cannot work at all.
>
> Moreover, the claimant has made a number of inconsistent statements or statements contradicted by other evidence of record. . . . The claimant's objective medical signs and laboratory findings do not validate her subjective complaints; her alleged disability is based largely on her subjective pain complaints; . . . therefore, the ALJ finds that the claimant's credibility is poor as it relates to her subjective complaints, activities, and functional limitations.

Tr. at 38-39. Furthermore, several medical examiners also called into question plaintiff's credibility, a fact that the ALJ noted in his opinion. <u>See</u> Notes of Dr. James Egnor, Tr. at 21-22, 259 ("The complaints are judged to be only partially credible. . . ."); Notes of Dr. Tasneem Doctor, Tr. at 24, 334 ("[Claimant] appears partially credible.").

4

Accordingly, this court finds that the ALJ's assessment of plaintiff's pain and credibility was based on substantial evidence, and therefore rejects the plaintiff's objection to the contrary.

B.  *Opinion of Dr. Miller*

Every medical opinion received by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2008).  These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors.  Additionally, the Regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."  Id. §§ 404.1527(d)(2) and 416.927(d)(2).

Under §§ 404.1527(d)(1) and 416.927(d)(1), more weight is given to an examiner than to a non-examiner.  Sections 404.1527(d)(2) and 416.927(d)(2) provide that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources).  Sections 404.1527(d)(2)(I) and 416.927(d)(2)(I) state that the longer a treating source treats a claimant, the more weight the source's opinion will be given. Under §§ 404.1527(d)(2)(ii) and 416.927(d)(2)(ii), the more knowledge a treating source has about a claimant's impairment, the more weight will be given to the source's opinion. Sections 404.1527(d)(3), (4) and (5) and 416.927(d)(3), (4), and (5) add the factors of supportability

(the more evidence, especially medical signs and laboratory findings, in support of an opinion, the more weight will be given), consistency (the more consistent an opinion is with the evidence as a whole, the more weight will be given), and specialization (more weight given to an opinion by a specialist about issues in his/her area of specialty).

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2008). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53, 55 (W.D. Va. 1996); see also, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2008). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2008).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).

In his decision, the ALJ summarized Dr. Miller's treatment notes and opinion, and accorded his opinion little weight. Specifically, the ALJ noted:

> On April 9, 2008, Dr. Miller generated a "To Whom It May Concern" disability endorsement letter. . . .
>
> Dr. Miller's disability endorsement has been considered and accorded little weight because it is an opinion on an issue of disability reserved to the Commissioner of Social Security pursuant to 20 C.F.R. 404.1525(e)(1) and SSR 96-5p; because it is not supported by the longitudinal record with its limited physical findings and generally routine and conservative treatment; because it is not supported by Dr. Miller's own treatment notes; and because other treating, examining, and reviewing sources and specialists have not suggested that the claimant [ ] is so limited that she cannot perform any work. Dr. Miller's "To Whom It May Concern" letter is clearly a disability advocacy statement; this does not mean that it can be or has been simply discounted, but it does mean that it should be scrutinized more closely. In his disability advocacy role, Dr. Miller said, "Mrs. Riffe's emotional instability and clinical depression with cognitive impairment would preclude her from performing sedentary work"; depression does not generally produce major exertional limitations and are not generally gauged in terms of sedentary/light/medium/heavy work; depression and emotional factors, if severe, generally produce non-exertonal [sic] limitations expressed in terms of social functioning, concentration, persistence, pace, etc. The claimant's updated treatment records from Dr. Miller and from all sources do not differ significantly from her records that were before the DDS. The most significant difference between the updated records and the records that were before the DDS is the evidence that the claimant has participated in a few outpatient counseling sessions at Southern Highlands (summarized and discussed above) and that Dr. Miller has generated a disability endorsement letter. The updated records do not document significant new impairments, significant new or different medical signs or laboratory findings, or major deterioration in medical condition or functional condition. Dr. Miller's assessment has been considered and accorded less weight

> than the DDS assessments because the record is more
> consistent with the DDS assessments.
>
> * * *
>
> The undersigned has considered and rejected Dr.
> Miller's conclusory opinion that the claimant was
> disabled and not able to do sedentary work or any
> substantial work (Exhibit 35F, page 1) because that is
> an opinion on an issue of disability reserved to the
> Commisioner of Social Security pursuant to 20 CFR
> 404.1527(e) and 416.927(e) and SSR 96-5p, and it is not
> supported by the longitudinal record with its limited
> physical findings and generally routine and
> conservative treatment, including Dr. Miller's own
> minimal treatment notes, as well as the fact that other
> treating sources and examining and treating specialists
> have not suggested that the claimant cannot work at
> all. The assessment prepared by Dr. Miller appears to
> have been based more on the claimant's subjective
> complaints and self-reported symptoms and limitations,
> than on objective findings and diagnostic test results.

Tr. at 34-35, 38.

Accordingly, the court finds that the ALJ set forth his reasons for according little weight to the opinion of Dr. Miller and the ALJ's decision is supported by substantial evidence of record. Plaintiff's objection is therefore OVERRULED.

C. *Consideration of All Impairments*

Plaintiff argues that the ALJ did not properly consider all of her impairments in questioning the vocational expert. Specifically, she contends that the ALJ "failed to take into account the effect of fibromyalgia, chronic pain syndrome, tremors, and depression." Objections at 6. As to the fibromyalgia, the ALJ found that it, in combination with her other impairments, is severe. Tr. at 19. The ALJ further noted that, although plaintiff may have suffered from fibromyalgia, she

did not identify any limitations suffered because of it. Tr. at 35. Regarding the tremors, the ALJ found "they are mild and are not a severe impairment." Tr. at 36. Finally, with respect to plaintiff's depressions, the court noted:

> The attorney argued that the claimant satisfied listing 12.04 on the basis of depression and her GAF assessments. The claimant has never been hospitalized for mental impairment, and she has not even been in outpatient treatment for mental impairment for 12 consecutive months. Physicians who have evaluated the claimant's physical complaints and found "little to no" "physical-medical" basis for the complaints have suggested a psychiatric basis and encouraged evaluation and treatment with a mental health professional, but these suggestions were based more on the absence of "physical-medical" explanations than on the presence/observation of acute/overt signs of mental impairment. The claimant was not particularly aggressive or compliant in following up on recommendation that she see a psychologist, but when she did present at Southern Highlands, her GAF assessments were 50, 80, 60, and 60. The GAFs of 80 and 60 are entirely consistent with the absence of a severe mental impairment. The GAF assessments and the record considered in its entirety does not indicate that there has been or will be a period of 12 months when the claimant has had mental impairments that have produced/will produce significant limitations of [sic] the claimant's activities of daily living, social functioning, concentration, persistence, or pace; and there is no evidence that the claimant has ever had an episode of psychiatric decompensation of extended duration; therefore, the ALJ has adopted the DDS mental assessments as stated at Exhibits 11F and 22F and finds that the claimant does not have a severe mental impairment and does not meet or medically equal the requirements of listing 12.04.

Tr. at 36.

Although plaintiff argues that the ALJ did not consider all the impairments, his decision suggests otherwise. This contention is not supported by the ALJ's decision which makes

9

clear that he considered all of plaintiff's impairments that he felt imposed limitations.  See, e.g., Hill v. Massanari, 155 F. Supp.2d 1250, 1267 (D. Kan. 2001) ("Plaintiff does not specifically state why she thinks the ALJ did not consider her impairments in combination and the Court will not ignore this explicit language in the ALJ's findings which states that he did properly consider in combination those impairments he found credible.").

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision.  42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Upon review of the record, the court finds ample evidence to conclude the ALJ considered those of plaintiff's impairments which he felt imposed significant limitations.  Accordingly, plaintiff's objection is OVERRULED.

## CONCLUSION

For the reasons set forth above, the court OVERRULES plaintiff's objections to the Magistrate Judge's Findings and Recommendation.  Accordingly, the court adopts his Findings and Recommendation and DENIES plaintiff's motion for judgment on the pleadings, GRANTS defendant's motion for judgment on the pleadings, AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court.  A separate Judgment Order of even date herewith will be entered.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.  The Clerk is further directed to remove this action from the active docket of this court.

**IT IS SO ORDERED** this 29th day of September, 2010.

ENTER:

David A. Faber
Senior United States District Judge